IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:21-CR-40-RLJ-DCP |
| SAMUEL D. HILL, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant's Motion to Continue Trial [Doc. 69], filed on February 1, 2022. Defendant asks the Court to continue the March 1, 2022, trial date because he needs additional time to discuss the factual and legal issues of his case with his counsel and to confer with the Government regarding a potential resolution of this matter. Defendant states that his counsel has been unable to meet with him regularly at the Knox County Detention center due in large part to the ongoing COVID-19 pandemic and the surge in the OMICRON variant across the state. The motion relates that Defendant understands the need for a continuance and that the Government does not oppose the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of June 14, 2022.

The Court finds Defendant's Motion to Continue Trial [Doc. 69] is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion, Defendant needs additional time to discuss the factual and legal issues of his case with his counsel and to confer with the Government

regarding a potential resolution of this matter. Thus, the Court concludes that without a continuance, Defendant would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The Motion to Continue Trial [**Doc. 69**] is **GRANTED**. The trial of this case is reset to **June 14, 2022**. The Court finds that all the time between the filing of the motion on February 1, 2022, and the new trial date of June 14, 2022, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)–(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) Defendant's Motion to Continue Trial [**Doc. 69**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **June 14, 2022**, **at 9:00 a.m.**, before the Honorable R. Leon Jordan, United States District Judge;

(3) All time between the filing of the motion on **February 1, 2022**, and the new trial date of **June 14, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **May 3, 2022**;

(5) The parties are to appear before the undersigned for a final pretrial conference on **May 23, 2022, at 11:30 a.m.**;

(6) The deadline for filing motions *in limine* is **May 27, 2022**; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **June 3, 2022.**

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge