| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SAMUEL D. HILL, ) <br> ) <br> Defendant. ) | No. 3:21-CR-40-RLJ-DCP |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate.

Before the Court is the Motion to Review Appointment of Counsel [Doc. 85], filed by Attorney Robert R. Kurtz on behalf of Defendant on April 6, 2022. The plea deadline in this matter is set for May 3, 2022, and trial is set for June 14, 2022. The parties appeared before the Court for an in-person motion hearing on April 26, 2022. Assistant United States Attorney Brent N. Jones appeared for the Government. Attorney Kurtz appeared on behalf of Defendant, who was also present. CJA Panel Attorney Wesley Stone was also present.

The Court appointed Attorney Kurtz to represent Defendant on September 16, 2021 [Doc. 27], due to an actual conflict of interest with Defendant's previous counsel. The instant motion [Doc. 85] relates that Defendant requested the motion be filed because Defendant believed that there had been a breakdown in communication between himself and Attorney Kurtz, and Defendant requested that a new attorney be appointed to represent him in this matter.

At the hearing, Attorney Kurtz stated he believed Defendant had recently started to believe that Attorney Kurtz's advice and opinion was becoming more negative. Attorney Kurtz related

that he has been in frequent contact with Defendant since he was appointed as his counsel of record, but Defendant has been more guarded as to the basis for requesting the filing of the motion to review appointment of counsel. The Government stated no position as to the motion but related that it had been in substantial plea negotiations with Attorney Kurtz, that a plea offer had been presented to Defendant, and that a better plea offer would not be forthcoming.

The Court then conducted a sealed, *ex parte* session with Defendant and Attorney Kurtz to learn the nature and extent of the problems with the attorney-client relationship. Without divulging those confidential communications, the Court finds that the attorney-client relationship is not irreparably damaged and that Defendant and counsel are able to effectively communicate. Both Defendant and Attorney Kurtz indicated their willingness to work together on behalf of Defendant if the motion was denied.

Accordingly, the Court finds good cause to substitute counsel does not exist, and the Motion to Review Appointment of Counsel [**Doc. 85**] is **DENIED**. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (requiring defendant to show good cause for the substitution of counsel). The Court reminds the parties of the **May 3, 2022**, plea deadline.

**IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge